**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEMIR TAGANI,<br><br>Plaintiff,<br><br>vs.<br><br>SAUNABOX, LLC and DICK'S SPORTING GOODS, INC.,<br><br>Defendants. | CASE NO.: 2:26-cv-09795-FLA (PVCx)<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff DEMIR TAGANI ("Plaintiff") and Defendants SAUNABOX, LLC ("Saunabox") and DICK'S SPORTING GOODS, INC. ("Dick's") (each a "Party" and together the "Parties"), by and through their counsel of record, stipulate to and request entry of the following Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d).

## 1. INTRODUCTION

### 1.1 Purposes and Limitations

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, the Parties stipulate to and petition the Court to enter the

following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**1.2 Good Cause Statement**

This is a products liability action in which Plaintiff alleges that a portable steam sauna he purchased from Dick's and that bears the SaunaBox brand malfunctioned and caused him burn injuries. Discovery is likely to involve the following categories of information, for which good cause exists to enter this Order:

(a) Saunabox's non-public product design, engineering, specification, component, testing, quality-control, and manufacturing information, including drawings, technical files, and certification and compliance materials for its products and their components;

(b) non-public sourcing, supplier, manufacturer, and distribution information, including supply and manufacturing agreements, purchase orders, production and batch records, and the identities and terms of Saunabox's overseas manufacturers and component suppliers;

(c) non-public commercial and financial information of Saunabox and Dick's, including vendor and supply agreements between them, wholesale and retail pricing, margins, sales volumes, inventory data, and internal business policies and procedures;

(d) consumer complaint, warranty, return, and claim information concerning products other than the product at issue, which contains the names, contact information, and other personal information of consumers who are not parties to this action;

(e) Plaintiff's medical, mental health, and billing records and other protected health information, health insurance and lien information, and employment,

wage, tax, and financial records; and

(f) insurance policies and claim materials, to the extent not otherwise subject to disclosure under Federal Rule of Civil Procedure 26(a)(1)(A)(iv) without restriction.

Categories (a) through (c) consist of proprietary technical and commercially sensitive information that the Parties maintain as confidential, that is not available to the public, and whose disclosure could cause competitive harm to the Producing Party, including by revealing product designs, supplier relationships, and pricing to competitors, and may also breach confidentiality obligations owed to non-parties. Categories (d) and (e) contain private personal, medical, and financial information of Plaintiff and of non-party consumers that is protected by privacy rights recognized under federal and state law, including the Health Insurance Portability and Accountability Act of 1996 and its implementing regulations. Because counsel for Plaintiff and for the Defendants are involved in other claims and actions involving similar products, a court order limiting the use of Protected Material to this action is also necessary to prevent its use in other litigation or for commercial purposes. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause why it should not be part of the public record of this case.

**1.3 Acknowledgment of Procedure for Filing Under Seal**

The Parties further acknowledge, as set forth in Section 12.3 below, that this

Order does not entitle them to file confidential information under seal. Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006); Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002). The Parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does not, without the submission of competent evidence by declaration establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable, constitute good cause. Further, if a Party requests sealing related to a dispositive motion or trial, or to a motion more than tangentially related to the merits of the case, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096–1101 (9th Cir. 2016); Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677–79 (9th Cir. 2010). Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 2. DEFINITIONS

2.1 Action: the above-captioned action, Demir Tagani v. Saunabox, LLC, et al., Case No. 2:26-cv-09795-FLA (PVCx), including any claims later asserted in it by or against any Party or later-joined party.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive CONFIDENTIAL Information or Items within categories (a) through (c) of the Good Cause Statement, the disclosure of which to another Party or Non-Party would create a substantial risk of serious competitive or commercial harm that could not be avoided by less restrictive means.

2.5 Counsel: Outside Counsel of Record and House Counsel, as well as their support staff.

2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.9 House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11 Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including attorneys admitted or applying for admission pro hac vice, and attorneys retained by a Party's insurer to monitor or coordinate the defense of this Action.

2.12 Party: any party to this Action, including any party later joined, and its officers, directors, members, managers, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Order do not cover information that is in the public domain at the time of disclosure, that becomes part of the public domain after its disclosure through no violation of this Order, or that the

Receiving Party lawfully obtained from a source not obligated to the Designating Party to maintain its confidentiality. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4. DURATION**

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or maintained pursuant to this Order and used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See Kamakana, 447 F.3d at 1180–81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this Order do not extend beyond the commencement of the trial as to such information. As to all other Protected Material, even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that

qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or changing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter the "Confidentiality Legend") to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). For documents produced in native format, the Producing Party shall include the Confidentiality Legend in the file name or on a slip sheet. A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. After the inspecting Party has

identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and, before producing the specified documents, affix the appropriate Confidentiality Legend;

(b) for testimony given in deposition, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, or by written notice to all Parties within thirty (30) days after the final transcript is received, identifying by page and line the testimony designated. Until that period expires, the entire transcript shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY; and

(c) for information produced in some form other than documentary and for any other tangible items, including the product at issue and its components and any exemplar products, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate Confidentiality Legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). Nothing in this Order restricts any Party's access to, or inspection or testing of, the product at issue in accordance with any protocol agreed by the Parties or ordered by the Court.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 Plaintiff's Medical and Personal Information. Any Party may designate as CONFIDENTIAL Plaintiff's medical, mental health, billing, insurance, employment, wage, tax, and financial records, whether produced by a Party or obtained from a Non-Party by subpoena or authorization. Records of Plaintiff's medical providers obtained

by subpoena shall be treated as CONFIDENTIAL upon receipt without the need for a Confidentiality Legend.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq. by providing written notice of each designation it is challenging and describing the basis for each challenge.

6.3 Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2 and in accordance with the Court's procedures.

6.4 Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Protected Material shall not be used for any business, commercial, competitive, personal, or publicity purpose, or in or for any other litigation, arbitration, claim, or proceeding, including any other claim or action involving the same or similar products, unless the Designating Party consents in writing or the Court so orders. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the

provisions of Section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, members, managers, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) the Receiving Party's insurers, reinsurers, third-party claims administrators, and their employees and coverage counsel, to whom disclosure is reasonably necessary for this Action;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will

not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions or appointed by the Court.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the persons described in Sections 7.2(a), (d), (e), (f), (g), (h), and (j), and to House Counsel of a Receiving Party who has no involvement in competitive decision-making and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4 HIPAA Qualified Protective Order. This Order is intended to be a qualified protective order within the meaning of 45 C.F.R. § 164.512(e)(1)(v). The Parties, their Counsel, and all persons receiving protected health information under this Order are prohibited from using or disclosing protected health information for any purpose other than this Action, and shall return or destroy it, including all copies made, at the end of this Action in accordance with Section 13. Covered entities that receive a subpoena in this Action, together with a copy of this Order, are authorized to produce Plaintiff's protected health information in response to it, subject to any objections Plaintiff may assert.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that

compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must: (a) promptly notify in writing the Designating Party, and such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order, and such notification shall include a copy of this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1 Application. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 Notification. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's

confidential information, then the Party shall: (a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (b) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) make the information requested available for inspection by the Non-Party, if requested.

9.3 Conditions of Production. If the Non-Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request, designated as appropriate under this Order. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

9.4 Later-Joined Parties. Any party joined in this Action after entry of this Order, including any third-party defendant, shall be bound by this Order upon service of a copy of it, unless within fourteen (14) days after service that party moves the Court for relief from or modification of this Order. Pending the Court's ruling on any such motion, the later-joined party shall treat Protected Material in accordance with this Order.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or

persons to execute the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL; FEDERAL RULE OF EVIDENCE 502(d)**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d), the production or disclosure in this Action of any document or information protected by the attorney-client privilege or the work-product doctrine, whether inadvertent or otherwise, shall not constitute a waiver of that privilege or protection in this Action or in any other federal or state proceeding. This Section shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing in this Order limits a Party's right to conduct a review of documents for relevance, responsiveness, or privilege before production. Communications among Defendants and their Counsel concerning the joint defense of this Action are protected to the full extent permitted by the common-interest doctrine, and the production of any such communication shall be governed by this Section.

**12. MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order. Neither the entry of this Order nor the designation of any material shall be construed as an admission or finding regarding the relevance, admissibility, or confidentiality of any material.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. A Party that intends to file material that another Party or a Non-Party has designated as Protected Material shall comply with Local Rule 79-5.2.2(b), including by conferring with the Designating Party in advance of the filing so that the Designating Party may establish that the material is sealable. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13. FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material; provided that protected health information subject to Section 7.4 shall be returned or destroyed as required by 45 C.F.R. § 164.512(e)(1)(v). Any such archival copies that contain or constitute Protected Material remain subject to this Order

as set forth in Section 4 (DURATION).

**14. VIOLATION**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**ORDER**

Having considered the Parties' Stipulation for Entry of Protective Order, and GOOD CAUSE APPEARING, the foregoing Stipulated Protective Order is APPROVED and ENTERED as the order of the Court. The Court further ORDERS, pursuant to Federal Rule of Evidence 502(d), that the production or disclosure in this Action of documents or information protected by the attorney-client privilege or the work-product doctrine, whether inadvertent or otherwise, is not a waiver of the privilege or protection in this Action or in any other federal or state proceeding.

IT IS SO ORDERED.

DATED: November 12, 2026

HON. PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name], of ________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on ______________ [date] in the case of Demir Tagani v. Saunabox, LLC, et al., Case No. 2:26-cv-09795-FLA (PVCx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order, and that I will not use any such information or item for any purpose other than this Action.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action. I hereby appoint ______________________________ [print or type full name] of ________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________________

City and State where sworn and signed: ______________________________

Printed name: ______________________________

Signature: ______________________________